PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JOSÉ A. LÓPEZ-VÉLEZ, Defendant and Appellant.

No. 2793. Argued January 21, 1927.—Decided April 8, 1927.

*R. Rivera Zayas* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

José A. López Vélez was charged with assault with intent to commit manslaughter. He was convicted by a jury and sentenced to two years in the penitentiary.

The appellant assigns as error that the verdict was contrary to the evidence.

The defendant was a corporal of the insular police on the date of the accusation. As such officer and accompanied by two other policemen, he went to the ward of Bajura Adentro of Manatí, and at a place known as Hoyo de Cambole he surprised four persons who were operating a still in the manufacture of rum. On seeing the policemen these men immediately fled, and while they were fleeing the defendant fired several shots with his revolver, as a consequence of which Damián Monserrat was wounded.

The evidence for the prosecution tended to show the mere fact that when the policemen arrived at Hoyo Cambole and as soon as Damián Monserrat fled, attempting to hide himself in the woods, the defendant fired his revolver at him and wounded him in the back, in the lumbar region, in an upward direction, the bullet lodging in the upper part of the right shoulder whence it was removed. Later on it was shown that the wounded man suffered from hemorrhagic pleurisy as a consequence of the wound.

The evidence for the defendant undertook to establish that Monserrat, when fleeing with his companions and pursued by the police, threw stones at the latter as they got in the woods, and that on the defendant's being hit by a stone, he fired in the direction whence the stones came, without any intention to wound Monserrat and only for the purpose of frightening them.

Apart from the fact that the jury adjusted the conflict in the contradictory evidence against the defendant, it does not appear from the evidence of the defendant, that he used his revolver to prevent the escape of the offender and to over-

come his resistance in order to effect his arrest. See *People v. Toro et al.,* 26 P.R.R. 41, and cases therein cited.

It was a case of misdemeanor that was being committed in the presence of the police and the defendant had authority to arrest the culprit. Sections 116 and 121 of the Penal Code. It is provided in section 123 of the Penal Code that if a person flees or forcibly resists, the officer may use all necessary means to effect his arrest. Under this well established rule of the common law, in a case of felony an officer could use such force as was necessary to capture the offender, even to the extent of his death while he was escaping. But according to the jurisprudence the rule is different in a case of misdemeanor.

In the case of *Petrie* v. *Cartwright,* 59 L.R.A. 721, the Supreme Court of Kentucky said:

" 'Where it is a misdemeanor, however, the rule is otherwise. It is his duty to make the arrest, but, unless the offender is resisting to such an extent as to place the officer in danger of loss of life or great bodily harm, the latter cannot kill him. He can only do so, or inflict great bodily harm, when, by reason of resistance, he is placed in the like danger. If he meet with resistance, he may oppose sufficient force to overcome it, even to the taking of life.' In the previous case of Head v. Martin, 85 Ky. 481, 3 S. W. 622, the court announced the same rule. There it is also said: 'Human life is too sacred to admit of a more severe rule. Officers of the law are properly clothed with its sanctity. They represent its majesty, and must be properly protected. But to permit the life of one charged with a mere misdemeanor to be taken when fleeing from the officer would, aside from its inhumanity, be productive of more abuse than good. The law need not go unenforced. The officer can summon his posse, and take the offender.' The authorities are clear that where the offense is only a misdemeanor the officer cannot, to prevent his escape, take the life of the offender when in flight. Head v. Martin, 85 Ky. 481, 3 S. W. 622; 21 Am. & Eng. Enc. Law, 2nd ed. p. 204; Thomas v. Kinkead, 55 Ark. 502, 15 L.R.A. 558, 18 S. W. 854; note to Hawkins v. Com. (Ky.) 61 Am. Dec. 162."

The evidence for the defense does not show that the defendant was in danger of loss of life or of great bodily

harm when he was pursuing the fugitive. He was not wounded. He himself testified that he fired in the direction whence the stones came, and this is not compatible with the idea that his only purpose when firing was to frighten the fleeing men. This undoubtedly was taken into account by the jury and hence its verdict of guilty, considering together all of the concurring circumstances. The third assignment as to the refusal of a new trial is decided with the first one because they are based on the same grounds.

There remains the second error in regard to the instructions of the court as to how the evidence should be considered.

The appellant, however, does not specify the particular instruction alleged to be erroneous. Nor does he allege that he took an exception thereto or called the attention of the court to that part which he alleged to be erroneous. After all, the instructions as a whole were correct and were given in accordance with the law.

From the foregoing the judgment appealed from must be affirmed.